UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| LAMARR ROWELL, | Case No. 3:18-cv-00183-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JAMES E. DZURENDA, *et al.*, | |
| Defendants. | |

**I.  DISCUSSION**

On April 30, 2018, this Court issued a screening order that dismissed the Complaint without prejudice and without leave to amend. (ECF No. 3 at 4.) In his Complaint, Plaintiff requested that this Court order him released from custody and sought damages for being held in prison past his release date. (ECF No. 4 at 4, 9.) In its screening order, the Court explained that Plaintiff could not obtain such relief in a 42 U.S.C. § 1983 action and informed Plaintiff that he could not challenge the duration of his confinement in such an action and must instead seek the appropriate state relief or habeas corpus relief. (ECF No. 3 at 3-4.) The Court also dismissed as moot Plaintiff's application to proceed *in forma pauperis*.

On May 4, 2018, Plaintiff filed a motion for reconsideration. (ECF No. 5.) He argues in that motion that he is not challenging the conviction and sentence, but is instead challenging the authority of the director of Nevada prisons to detain him past the expiration of his minimum sentence where the parole board has granted him parole effective on the date of the expiration of his sentence. (*Id.* at 2.) Plaintiff therefore asks the Court to reverse

its order dismissing the Complaint. (*Id.*) In the alternative, he asks the Court to grant him *in forma pauperis* status. (*Id.*)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

The Court finds that it did not commit clear error by dismissing the Complaint. Although Plaintiff is not challenging the original conviction and sentence, he is challenging the duration of his confinement in prison and is seeking release from prison and damages based on an allegedly illegal period of confinement. The Supreme Court has held that a prisoner in state custody cannot use a Section 1983 action to challenge the "*duration* of his confinement," but instead must seek the appropriate state relief or federal habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (emphasis added); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). The Court therefore will not change its original ruling dismissing the Complaint.

Although the Court finds that an appeal would not be taken in good faith, the Court will grant Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1.) Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

///

///

## II. CONCLUSION

It is therefore ordered that the motion for reconsideration (ECF No. 5) with respect to the dismissal of the Complaint is denied.

It is further ordered that the motion for reconsideration is granted with respect to the request to proceed *in forma pauperis*. The Court vacates the portion of the screening order that dismissed as moot the application to proceed *in forma pauperis*. (ECF No. 3 at 4.) The Clerk of the Court is instructed to reinstate the application to proceed *in forma pauperis* as an active pending motion. (ECF No. 1.)

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted.

Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act ("PLRA"). The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the PLRA, the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Lamarr Rowell, #61987 (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the PLRA.

///

///

///

3

It is further ordered that any *in forma pauperis* appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 8th day of May 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE